# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0033, <u>Colleen Ann Colton & a. v. Robert Jacobs</u>, the court on February 21, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The plaintiffs, Colleen Ann Colton and Omar Brissett, appeal an order of the Superior Court (<u>Temple</u>, J.) granting the motion for judgment notwithstanding the verdict (JNOV) filed by the defendant, Robert Jacobs. The trial court's decision vacated a $60,000 jury verdict award in favor of the plaintiffs upon their claim for negligent misrepresentation. We affirm.

The trial court recited the following facts in its order on the merits and in its order on the defendant's motion <u>in limine</u>. Colton began renting an apartment from the defendant in 2016. The defendant also employed Colton to perform repair, painting, and maintenance work at his other rental properties. In 2019, Brissett began cohabiting with Colton. In October of that year, the plaintiffs asked the defendant for permission to build a garage on the property where the apartment was located. The defendant gave his permission, and the parties agreed that the defendant would provide the funds for the materials if the plaintiffs provided the construction labor. The defendant also promised the plaintiffs that, after the garage was constructed, he would sell them the property within twenty-four months and would not sell the property to anyone else. According to the plaintiffs, the purpose of the twenty-four-month period was to allow them to secure adequate funding to purchase the property from the defendant.

The plaintiffs began constructing the garage in November 2019, and they completed construction between December 2020 and February 2021. The defendant funded the purchase of all necessary materials. Upon completing the garage, Colton offered to pay the defendant an additional $200 per month in rent for the plaintiffs' use of the garage, but the defendant declined her offer.

In May 2021, the defendant informed the plaintiffs that he intended to sell the property and asked the plaintiffs whether they wanted to purchase it. Although the plaintiffs were unable to purchase the property at that time, Colton reminded the defendant that he had promised to allow the plaintiffs a period of twenty-four months following the construction of the garage to save money to purchase the property. In July of that year, the defendant told the plaintiffs that he no longer intended to sell the property. On July 15, the

defendant and two others broke the lock on the garage door in order to gain entry into the garage to retrieve some of the defendant's belongings. Colton witnessed their entry through a doorbell camera and called the police, reporting that the defendant was breaking into her rental property. Thereafter, the plaintiffs' relationship with the defendant deteriorated. In November, the plaintiffs notified the defendant of their intent to vacate the property by December 1.

The plaintiffs subsequently sued the defendant under a variety of theories, including negligent misrepresentation.[1] The plaintiffs' negligent misrepresentation claim asserted that the defendant had no intention at the time the promise was made of fulfilling his promise to sell them the property within a twenty-four-month period.

In August 2022, the court granted a motion in limine filed by the defendant, ruling that, because the plaintiffs had not disclosed themselves as experts, they could not testify as experts regarding the value of their labor. The court permitted the plaintiffs to testify only as fact witnesses regarding the construction of the garage. The court also excluded the plaintiffs' expert witness from testifying based upon the plaintiffs' deficient disclosure.

In September 2022, the court held a two-day trial. After the close of evidence, the defendant moved for a directed verdict. The plaintiffs objected, and the court deferred its ruling on the motion. The jury subsequently found that the plaintiffs had proven their negligent misrepresentation claim and awarded the plaintiffs $60,000 in damages. Following the verdict, the defendant moved for JNOV on the negligent misrepresentation claim. In November 2022, the court granted the defendant's motion, and this appeal followed.

In its order granting the defendant's motion for JNOV on the negligent misrepresentation claim, the trial court ruled that the plaintiffs had failed to introduce sufficient evidence to prove any recoverable damages. The court explained that, "even if the Court were to agree that there was sufficient evidence to support a finding that the defendant had no intention of fulfilling his promise to the plaintiffs at the time it was made, the plaintiffs nonetheless failed to present any evidence to support an award of pecuniary damages." The court further stated that, "[t]o the extent the plaintiffs' own time and labor could even be classified as a 'pecuniary loss,' the plaintiffs did not introduce any records or other evidence to establish with any certainty the amount of

[1] The plaintiffs originally brought this action as self-represented parties in July 2021, but they moved to amend their complaint in September 2021 after retaining counsel. In the amended complaint, the plaintiffs alleged: (1) unjust enrichment; (2) breach of the covenant of quiet enjoyment; (3) actual partial eviction; (4) violation of RSA chapter 358-A (2022); and (5) negligent misrepresentation. The court ruled that the negligent misrepresentation claim was the only claim the jury could adjudicate, and it is the only claim the plaintiffs address on appeal.

time it took them to construct the garage." The court noted that Brissett testified that the plaintiffs did not track their hours and that any estimation as to the amount of time they spent constructing the garage was a guess. The court also relied upon the plaintiffs' testimony that they did not establish an hourly rate for their work. Therefore, the court concluded, "there was no evidence as to the value of the work or that the plaintiffs otherwise incurred a pecuniary loss as a result of the defendant's alleged misrepresentation."

On appeal, the plaintiffs argue that the trial court's order granting the defendant's motion for JNOV is not supported by the evidence at trial. The plaintiffs assert that there was evidence that they each worked for 1,500 hours at a rate of twenty dollars an hour, thus supporting the jury's $60,000 award in their favor.

The defendant responds that the plaintiffs introduced no evidence that they incurred a pecuniary loss as a result of the defendant's alleged negligent misrepresentation. He argues that the plaintiffs failed to introduce any evidence concerning either the amount of their expenditures for construction of the garage or the loss of any wages or profits. Specifically, the defendant relies on the plaintiffs' testimony that: (1) they did not keep track of the hours they spent building the garage; (2) they did not have an hourly rate for their work; (3) they did not work for an hourly rate because the garage was "beyond the scope of the hourly work [they] did" for the defendant; and (4) they did not bill the defendant for their work on the garage. The defendant also cites the plaintiffs' testimony that he paid for all materials used to construct the garage. Therefore, the defendant argues that the trial court's judgment should be affirmed because the plaintiffs failed to prove they suffered any pecuniary loss. We agree.

As the appealing party, the plaintiffs have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiffs' challenge to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. See id. We agree with the defendant that there was insufficient evidence of actual pecuniary loss to support the jury's award of damages on the plaintiffs' claim for negligent misrepresentation. Accordingly, we affirm the trial court's order granting the defendant's motion for JNOV on the negligent misrepresentation claim.

Affirmed.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3